IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CORRELL GRAHAM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LESTER MCCRAY;<br>UNITED STATES OF AMERICA,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)　CIVIL ACTION NO. 5:20-CV-207-MTT<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

Defendant United States of America moves to dismiss this action under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.  Doc. 4.  This motion is **GRANTED,** and the action is dismissed without prejudice.

Plaintiff Correll Graham and Defendant Lester McCray were involved in an automobile wreck on June 26, 2017.  Doc.1-1 at 1.  On May 31, 2019, Plaintiff filed suit against McCray in the Superior Court of Jones County to recover damages for injuries allegedly sustained during the wreck.  Doc. 1-1.  At the time of the accident, McCray was an employee of the United States Postal Service and was on his daily route delivering mail.  Docs. 2; 2-1.

The Federal Tort Claims Act ("FTCA") provides that

> [t]he remedy against the United States provided by sections 1346(b) and 276 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee.  Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

28 U.S.C. § 2679.  Thus, under § 2679, a claim for damages caused by the allegedly negligent act or omission of any Government employee while the employee is acting within the scope of his employment must be brought against the United States, not the federal employee.

On June 2, 2020, the United States removed this action from the Superior Court of Jones County to this Court and substituted itself for Lester McCray as the proper Defendant.  Docs. 1; 2.

On June 8, 2020, the United States moved to dismiss the action for lack of subject matter jurisdiction because Plaintiff failed to exhaust administrative remedies prior to filing his lawsuit.  Doc. 4.  Pursuant to 28 U.S.C. § 2675, no action shall be instituted against the United States for monetary damages unless the claim is first presented to the appropriate federal agency and subsequently denied in writing.  Thus, "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."  *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Plaintiff does not dispute that he failed to exhaust administrative remedies prior to filing suit.  Doc. 5.  He merely requests that this action be dismissed without prejudice so he can take advantage of 28 U.S.C. § 2679(d)(5), which provides that

> [w]henever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if—
>
> (A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and
>
> (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

The Court does not have subject matter jurisdiction over this prematurely filed FTCA action.  *Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008) (citation omitted).   "A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice."  *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys.*, 524 F.3d 1229, 1231 (11th Cir. 2008).

Accordingly, this action is **DISMISSED** without prejudice for lack of subject matter jurisdiction.

**SO ORDERED**, this 30th day of June, 2020.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
